UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DONALD CHILCOAT,<br><br>Defendant. | Criminal No.  22-cr-299 (CKK) |

### GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

The United States, through undersigned counsel, files this response to defendant Donald Chilcoat's Motion For Release From Custody, ECF No. 81. The United States opposes the defendant's motion and respectfully urges the Court to deny the motion.

Since the pendency of this case, the defendant has moved to modify his conditions on numerous occasions. He has continually argued that his compliance with release conditions warrant less restrictive conditions. ECF Nos. 27, 50, 61. Yet less than one month after the Court denied the defendant's Third Motion to Modify Conditions, Minute Order (8/14/2023), the defendant failed to appear for a status conference – either in person or by zoom – on September 5, 2023.[1] *See* Minute Order (9/5/2023).

The Court issued a bench warrant but held it in abeyance for forty-eight hours to provide the defendant an opportunity to appear. Minute Order (9/5/2023). The bench warrant was mailed to the defendant's address – the same location where the defendant now alleges that he was residing at the time. The defendant, in fact, signed for the delivery with the bench warrant. Minute Order (10/5/2023). The defendant did not turn himself in, nor did he get into contact with his counsel.

The Court ordered another status conference to allow the defendant another opportunity to appear.

---

[1] The defendant's wife and co-defendant filed a document expressing concern with the September 5, 2023 hearing being conducted by zoom. Minute Order (9/1/2023). Thus, the defendants were clearly aware of the scheduled status conference for which they failed to appear.

The Court mailed the notice of the status conference to the defendant's residence – again, where the defendant now admits he resided during this period. Yet, again, the defendant did not appear. Minute Order (10/5/2023).

Instead, a month after his first failure to appear and a day after his second failure to appear, the defendant "cut off and removed his ankle bracelet for location monitoring." Minute Order (10/6/2023); ECF No. 77. The defendant evaded communication with the Pretrial Services Agency (PSA). He failed to communicate with his counsel. And he certainly did not appear before this Court.

It was not until October 11, 2023 – when the FBI apprehended the defendant – that the defendant came into contact with law enforcement. ECF No. 80. The defendant never turned himself in, despite repeated opportunities to; he did not communicate with counsel, PSA, or the Court; and he has been wholly non-compliant with his conditions of release since early September.

Now, after these prolonged, extensive, and intentional efforts to evade orders of this Court, the defendant, again, requests to modify his conditions. This time, the defendant requests that the Court place him on the same conditions that he previously ignored, obstructed, and evaded. The defendant now tells the Court that he is "not a flight risk" and touts his prior compliance with his conditions of release as a basis to modify his current detention status. ECF No. 81.

Respectfully, the defendant's request is preposterous. The defendant has repeatedly demonstrated that even restrictive levels of supervision – such as location monitoring, curfew, and home detention – are not sufficient to assure his appearance. *See also* ECF No. 77 (PSA recommending removal from supervision and indicating that it cannot conduct home visits because of officer safety concerns); ECF No. 75 (same). Not only is "compliance—even model compliance—with the Court's requirements [] not enough to warrant adjustment of [the defendant's] pretrial release conditions," *United States v. Henry*, 314 F. Supp. 3d 130, 133 (D.D.C. 2018), but the defendant here took extreme, intentional, and blatant actions to evade the Court, including but not limited to cutting off his ankle monitor.

Thus, the Court should deny this motion. The defendant should remain in custody until trial.[2]

          Respectfully Submitted,

          MATTHEW M. GRAVES
          United States Attorney
          D.C. Bar No. 481052

          */s/ Ashley Akers*
          ASHLEY AKERS
          Trial Attorney (Detailed)
          MO Bar No. 69601
          Ashley.akers@usdoj.gov
          (202) 353-0521

---

[2] Undersigned counsel notes that the government has pushed for a speedy trial date over the objection of the defendant. *Compare* ECF No. 66-6 (since August 2023, the government has proposed trial dates every month beginning as early as October 2023, and has objected to defendant's proposed June 2024 trial date, as an unnecessary delay) *with* ECF No. 65-1 (defendant requesting trial date in June 2024).