

9/11/24 LCCKK3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, Plaintiffs.
v.
Shawndale Chilcoat and Donald Chilcoat, Defendants.

Case No. 22-cr-299CKK or 1:22-00299CKK, USA v. Chilcoat et al

**LEAVE TO FILE GRANTED**
Judge CK llar-Kotelly
9/11/2024

Judge Colleen Kollar-Kotelly

**MOTION FOR EVIDENTIARY HEARING, DISMISSAL DUE TO LACK OF JURISDICTION, FRAUDULENT ACTIONS, AND INEFFECTIVE ASSISTANCE OF COUNSEL, AND TO STAY SEPTEMBER 12 HEARING PENDING REVIEW OF WRITS**

COME NOW the Petitioners, Shawndale Chilcoat and Donald Chilcoat, acting pro se, and respectfully request that the Court:

1. Stay the September 12, 2024, in-person hearing until the Emergency Writs of Habeas Corpus and Prohibition have been reviewed and adjudicated by the appropriate courts.

2. Hold an evidentiary hearing to address the fraudulent signing of a protective order, the withholding of discovery for over two years, and the ineffective assistance of counsel.

3. Dismiss the case due to the Department of Justice's failure to establish jurisdiction within the required time frame by properly serving Petitioners.

4. Order the DOJ to produce all certified documents related to their attempts to establish jurisdiction, as well as any related filings.

5. Grant other relief, including sanctions against counsel or alternative remedies, based on the misconduct outlined herein.

**1. Filing of Emergency Writs**

RECEIVED
SEP 11 2024
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Petitioners have filed two emergency writs related to this case:

- The Writ of Prohibition will be received by the U.S. Court of Appeals for the District of Columbia Circuit by 10:30 AM on September 11, 2024. The Department of Justice (DOJ) and the District Court will receive this writ by the end of the day on September 12, 2024.
- The Writ of Habeas Corpus will be received by the U.S. District Court in Toledo, Ohio, by 10:30 AM on September 11, 2024. The U.S. Attorney and Pretrial Services in Cleveland, Ohio, will receive this writ by the end of the day on September 12, 2024.

These writs raise significant issues of unlawful extradition, improper jurisdiction, and due process violations, including the DOJ's continued failure to properly establish jurisdiction over Petitioners by following required legal procedures. Under **28 U.S.C. § 2241**, Petitioners assert that their detention and the extradition process violate federal habeas corpus standards.

Given the nature and content of these writs, Petitioners respectfully request that the Court stay the September 12, 2024, hearing until these writs have been reviewed and adjudicated. Proceeding with the hearing before resolving these critical jurisdictional and constitutional issues would cause irreparable harm to Petitioners and violate their constitutional rights.

## 2. DOJ's Failure to Establish Jurisdiction and the Court's Improper Exercise of Jurisdiction

The Department of Justice has repeatedly failed to properly serve Petitioners with the indictment and other required legal documents, rendering the court's jurisdiction invalid. As per **Federal Rule of Criminal Procedure 4(c)**, the DOJ was required to serve Petitioners promptly, and

failure to do so violates their due process rights. The **Supreme Court's decision in Baldwin v. Hale, 68 U.S. 223 (1864)** reaffirms the need for due process through proper notice and service.

- **Initial Arrest (August 11, 2022):** Petitioners were arrested, and the DOJ was required to serve the indictment following their arrest.
- **Indictment Issued (September 9, 2022):** Despite the indictment being filed, the DOJ failed to serve Petitioners in compliance with **Federal Rule of Criminal Procedure 4(c)**, which requires service "without unnecessary delay."
- **Jurisdiction Challenge (December 9, 2022):** Petitioners challenged the court's jurisdiction on this date, yet the DOJ did not respond by proving that Petitioners had been properly served.
- **Court Claimed Jurisdiction (January 10, 2023):** The court improperly claimed jurisdiction without any evidence that the DOJ had properly served Petitioners with the indictment or any other required legal documents, contrary to **United States v. Cotton, 535 U.S. 625 (2002)**.
- **Superseding Indictment:** Petitioners have never received the superseding indictment issued by the DOJ. If the DOJ claims it has served this document, Petitioners assert that they were never properly served in accordance with the **Federal Rules of Criminal Procedure**.

To date, the DOJ has never properly served Petitioners, violating Petitioners' due process rights and depriving the court of jurisdiction. Under **Michigan v. Doran, 439 U.S. 282 (1978)**, proper service and extradition procedures are required under the **Extradition Clause** of the

Constitution. These continued failures render any exercise of jurisdiction by the court improper and unlawful.

### 3. Request for Certified Documentation

Petitioners respectfully request that the Court order the Department of Justice to provide the Court with all certified documents related to any attempts to establish jurisdiction, including any records of service, filings, or related documents. Petitioners believe that no such certified documentation exists, as the DOJ failed to serve Petitioners within the required timeframe.

This request is not an invitation for the DOJ to serve Petitioners now. Rather, it is a request to put on record that the DOJ has failed to properly serve Petitioners within the appropriate timeframe, which is necessary to establish jurisdiction. By failing to do so, the DOJ has forfeited its ability to retroactively cure this defect, and the Court cannot continue to exercise jurisdiction over this case.

### 4. DOJ's Avoidance of Addressing Service in Prior Hearings

During a previous Zoom hearing, when Petitioners raised concerns about not being properly served by the DOJ, the DOJ attorney made repeated efforts to politely excuse himself from the room, citing concerns about attorney-client privilege between Petitioners and their defense counsel. Petitioners believe that this was a strategic effort by the DOJ attorney to avoid being directly confronted with the issue of improper service and to avoid acknowledging on the record that the DOJ had not served Petitioners with the necessary documents.

This behavior further suggests that the DOJ is aware of its failure to properly serve Petitioners and is attempting to avoid accountability. The DOJ's continued avoidance of addressing the service issue in court underscores the importance of requiring the DOJ to produce certified documentation proving any attempt at proper service, as requested by Petitioners. This falls under the purview of **Federal Rule of Criminal Procedure 4(c)**, which mandates proper service, and is consistent with **Mennonite Bd. of Missions v. Adams, 462 U.S. 791 (1983)**, which asserts due process rights related to adequate notice.

### 5. Fraudulent Signing of the Protective Order

Petitioners were informed by former attorney Maria Jacob that no protective order was signed in this case, yet discovery has been withheld under the pretense of a protective order. Petitioners have provided the Court and the Department of Justice with evidence, including:

- **Exhibit A:** An email from Maria Jacob confirming that no protective order was signed by Petitioners or the Court (herein attached)
- **Exhibit B:** Transcripts of conversations with counsel proving Petitioners never consented to or signed the protective order (see thumb drive, will be provided with copy sent to the court and DOJ).

Petitioners further believe that signatures were fraudulently placed on the protective order without their consent by attorneys, possibly including Maria Jacob, Michael Lawlor, or Nicholas Madiou. This fraudulent action has prevented Petitioners from accessing critical discovery, severely impairing their defense, in violation of **Federal Rule of Civil Procedure 26(c)**.

### 6. Ineffective Assistance of Counsel and Actions of the Court

Petitioners have experienced ineffective assistance of counsel at every stage of these proceedings, as defined by **Strickland v. Washington, 466 U.S. 668 (1984)**. The deficiencies include:

- **Failure to challenge the protective order**: None of the attorneys, including current counsel Joseph McBride and Brad Geyer (held in abeyance), have filed motions to challenge the validity of the protective order or address the jurisdictional issues.
- **Failure to file motions related to defective warrants**: No attorney has filed motions to suppress evidence due to the defective warrants or raised objections to the lack of service.
- **Failure to disclose key information**: Petitioners have repeatedly asked McBride and Geyer for copies of motions filed on their behalf, but none have been provided except for a motion to remove an ankle monitor, which was inadequate. McBride and Geyer have failed to file any meaningful motions challenging the charge under **18 U.S.C. § 1512(c)(2)**, despite the Supreme Court's rulings in June 2024 regarding January 6 defendants and the **Chevron deference** decision.

Moreover, the Court has exacerbated this issue by holding McBride and Geyer in abeyance since Petitioners fired them for ineffective assistance of counsel. The Court issued an order stating that it would not entertain Petitioners' pro se filings while they were represented by counsel—even though that counsel was not filing meaningful motions on Petitioners' behalf. This has resulted in Petitioners being blocked from defending themselves while the government continues its case.

**7. The Pointlessness of the Faretta Hearing**

The upcoming **Faretta v. California, 422 U.S. 806 (1975)** hearing is premature and essentially pointless given the fact that Petitioners do not have access to the discovery or evidence against them. It is impossible for Petitioners to make an informed decision about whether they can or should represent themselves without knowing the full scope of the charges and evidence in the case.

Petitioners cannot reasonably answer whether they are capable of self-representation without understanding the full extent of the case against them, and without access to discovery, they are being asked to make this decision blindly. It is fundamentally unfair for the Court to proceed with this hearing when Petitioners have not been provided the necessary information to assess their defense options, including whether they need to retain new counsel.

### 8. Petitioners Do Not Seek to Invite Jurisdiction

Petitioners do not seek to invite jurisdiction by asking for proper service at this stage. The time for the DOJ to establish jurisdiction has passed. By failing to properly serve Petitioners within the required timeframe under **Federal Rule of Criminal Procedure 4(c)**, the DOJ has forfeited its ability to cure this defect, and the Court cannot continue to exercise jurisdiction.

### 9. Prevention of Improper Sealing and Invocation of National Security Concerns

Petitioners are concerned that the government may attempt to improperly seal this case or the upcoming September 12 hearing under the guise of national security. However, sealing judicial proceedings or court documents without proper legal justification is strictly governed by **Executive Order 13526**, which outlines the conditions under which information can be classified and used to restrict access to judicial records.

**Executive Order 13526**, titled "Classified National Security Information," provides clear guidelines regarding the classification of information in the interests of national security. Under this executive order:

1. Information cannot be classified to conceal violations of law, inefficiency, or administrative error, nor to prevent embarrassment to any person or organization. (**EO 13526, Section 1.7**).
2. **Classification and sealing require written justification**: Any information proposed to be sealed for national security reasons must be accompanied by clear and specific written justification detailing how disclosure could reasonably be expected to cause identifiable damage to national security. (**EO 13526, Section 1.1 and Section 3.1**).
3. **Due process and public access**: Sealing a case or any part of the proceedings requires more than an assertion of national security concerns. The government must provide specific and detailed written reasoning, and Petitioners must be given the opportunity to challenge the sealing and review the justification provided.

Thus, Petitioners respectfully request that the Court:

- Require the government to submit written justification if they intend to seal the September 12 hearing or any related records, explaining how disclosure of the proceedings would pose a threat to national security.
- Ensure that any attempt to seal the case or proceedings adheres to the requirements set forth in **Executive Order 13526**, particularly Sections 1.1, 1.7, and 3.1, and that the government's rationale be placed on the public record.

- Provide Petitioners with notice and the opportunity to challenge any motion or order to seal the hearing or case records before any action is taken.

### 10. Challenge to Improper Sealing of the September 12 Hearing and Prior Proceedings

Petitioners are gravely concerned that the sealing of the case and the upcoming September 12 hearing is being done without proper justification and in violation of federal rules, as well as **Executive Order 13526** governing national security concerns. Petitioners have previously raised objections to the Court's decision to seal prior hearings, citing **Executive Order 13526**, which strictly limits the conditions under which sealing may occur. Despite these objections, the Court responded with an order suggesting that the sealing was for Petitioners' own benefit, which is an improper justification and does not align with legal standards for sealing proceedings.

### 11. Request for Separate Evidentiary Hearing and Relief (Only After Review of Writs)

Given the egregious violations of Petitioners' rights, Petitioners respectfully request that the Court:

- **Hold a separate evidentiary hearing via Zoom or another remote platform** to address the following issues, but **only after the Emergency Writs of Habeas Corpus and Prohibition have been reviewed and adjudicated**:
    - The DOJ's failure to establish jurisdiction within the required timeframe.
    - The DOJ's failure to properly serve Petitioners and to produce certified documents related to this failure.
    - The ineffective assistance of counsel.
    - The fraudulent use of Petitioners' signatures on the protective order.

- o The pointlessness of proceeding with a Faretta hearing when Petitioners do not have access to the discovery needed to make an informed decision.
- **Stay the September 12, 2024, in-person hearing**, which is currently set for the Faretta hearing, and **do not convert this hearing into an evidentiary hearing or any other proceeding**. Petitioners request that the Court schedule a separate evidentiary hearing only after the review of the writs.
- **Dismiss the case** due to the DOJ's failure to establish jurisdiction, or in the alternative, provide access to discovery and impose sanctions against the attorneys involved in fraudulent actions and ineffective assistance.

Petitioners wish to make it clear that they **do not consent** to converting the scheduled September 12, 2024, hearing into an evidentiary hearing or any other form of proceeding. The September 12 hearing should be stayed entirely pending the review of the writs. Any evidentiary hearing requested here should be held **separately** and **via Zoom** only after the writs have been adjudicated.

**Conclusion**

For the reasons outlined above, Petitioners respectfully request that the Court:

1. Unseal the September 12 hearing and prior proceedings.
2. Prohibit further sealing without proper written justification under **Executive Order 13526**.
3. Provide notice to Petitioners of any sealing attempts and allow them to oppose such motions.

4. Stay the September 12, 2024, hearing pending the review of the Emergency Writs of Habeas Corpus and Prohibition.

5. Hold an evidentiary hearing to address the jurisdictional, procedural, and fraudulent issues outlined in this motion.

6. Dismiss the charges due to lack of jurisdiction, or alternatively, provide access to discovery and grant other appropriate relief.

**Respectfully Submitted,**

**September 11, 2024**

*Shawndale Chilcoat*
Shawndale Chilcoat
3528 Bunker Hill Rd.
Celina, OH 45822
shawnchil04@gmail.com

*Donald Chilcoat*
Donald Chilcoat
3528 Bunker Hill Rd.
Celina, OH 45822
don2chilcoat@gmail.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**
**v.**
**Shawndale Chilcoat and Donald Chilcoat, Defendants.**

Case No. 22-cr-299CKK or 1:22-00299CKK, USA v. Chilcoat et al

**Judge Colleen Kollar-Kotelly**

## CERTIFICATE OF SERVICE

We, **Shawndale Chilcoat** and **Donald Chilcoat**, hereby certify that:

- On **September 11, 2024**, we served a true and correct copy of the **Motion for Evidentiary Hearing, Dismissal Due to Lack of Jurisdiction, Fraudulent Actions, and Ineffective Assistance of Counsel, and to Stay September 12 Hearing Pending Review of Writs** via **email to the DCD Intake Clerk** at DCD_Intake@dcd.uscourts.gov.

- On **September 12, 2024**, we will serve the same document via **Certified Mail**, postage prepaid, upon the following parties:

**1. Department of Justice**

**U.S. Department of Justice**
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**2. U.S. District Court for the District of Columbia (Intake Office)**

**Clerk of the Court**
U.S. District Court for the District of Columbia
333 Constitution Avenue NW
Washington, DC 20001

We declare under penalty of perjury that the foregoing is true and correct.

**Respectfully Submitted,**

**Dated:** September 11, 2024

*Shawndale Chilcoat*
**Shawndale Chilcoat**
3528 Bunker Hill Rd.
Celina, OH 45822
Email: shawnchil04@gmail.com

*Donald Chilcoat*
**Donald Chilcoat**
3528 Bunker Hill Rd.
Celina, OH 45822
Email: don2chilcoat@gmail.com

## Notice of Additional Evidence Submission

We further notify the Court and the Department of Justice that we will be sending **certified copies of phone calls** with former attorney **Maria Jacob** as evidence that neither we nor the Court signed the protective order that is in effect in this case. This evidence will be sent via **Certified Mail** on a thumb drive.

We had previously submitted this evidence to both the Court and the DOJ when we filed a motion after learning of the protective order, wherein we formally **withdrew any assumed consent** to the order in accordance with the **E-SIGN Act**. Nevertheless, we will resubmit these phone calls to ensure that they are part of the official court record.

The court has taken away the condition that you pay 400 per month towards counsel fees – so you do not have to worry about that. The next step is receiving discovery from the government – some of which is protected under this standard protective order that we need to sign. If this looks alright to you – I can sign on your behalf so you do not have to go through the hassle.

# FALSE REPRESENTATION

Please review and let me know if you have any questions.

# INTENTIONAL MISREPRESENTATION

Maria N. Jacob

Assistant Federal Public Defender

Office of the Federal Public Defender

for the District of Columbia

625 Indiana Avenue, N.W. Suite 550

Washington, D.C. 20004

Office: (202) 208-7500 *105

Cell: (202) 717-0962

# Fwd: Protective Order issue  Inbox ×

**Don Chilcoat**
to me

Sat, Aug 31, 9:27 PM (4 hours ago)

---------- Forwarded message ---------
From: **Maria Jacob** <Maria_Jacob@fd.org>
Date: Thu, Aug 17, 2023, 3:03 PM
Subject: Protective Order issue
To: Don Chilcoat <don2chilcoat@gmail.com>

HE FIRMLY TOLD HER AUGUST 28, 2023 HE IS WITHDRAWING ANY ASSUMED CONSENT BECAUSE SHE SIGNED IT WITHOUT REVIEWING IT WITH HIM, JUST BECAUSE SHE KEEPS ASKING DOES NOT MEAN SHE HASN'T BEEN TOLD, SHE DID NOT REVIEW IT WITH HIM THEREFORE SHE COULD NOT SIGN IT FOR HIM.

Hi Mr. Chilcoat, I just looked at the docket and looks like the judge never signed it. probably an oversight on the government's part as they never filed the motion asking for the judge to approve it. If you feel very strongly about withdrawing the consent we already gave to the government, I can let the government know.

However, I advise us discussing this on the phone first to ensure you understand exactly what the protective order covers and what it does not. It is not like Trump's order – which is very restrictive. Yours only covers very limited information. Attached is the language of the order. For example, the order does not cover the officer's body worn camera or any other videos other than the cctv footage that was inside the building. It is also covers other people's sensitive information like dates of birth and social security numbers. And even the items it does cover you are still allowed access – the only thing you would not be able to do is distribute it to the public.

THE SCREEN SHOT OF THE TEXT CLEARLY PROVES SHE HAD NO INTENTION OF REVIEWING IT WITH HIM AS REQUIRED BY THE PROTECTION ORDER ITSELF.

Maria N. Jacob
Trial Attorney
Office of the Federal Public Defender
for the District of Columbia
625 Indiana Avenue, N.W. Suite 550
Washington, D.C. 20004
Office: (202) 208-7500 *5105
Cell: (202) 717-0962

WHY WOULD ANY ATTORNEY ADVISE THEIR CLIENT TO SIGN A PROTECTION ORDER THAT ALLOWS THE GOVERNMENT TO CONTROL THE EVIDENCE? AND WHY IS FEDERAL DEFENDER MARIA JACOB BE SO DETERMINED TO ENSURE THEY DO?

One attachment • Scanned by Gmail