## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAWNDALE CHILCOAT and<br>DONALD CHILCOAT,<br><br>　　　Defendants. | Criminal Action No. 22-299 (CKK) |

### <u>ORDER</u>
(October 10, 2024)

In the past week, Defendants Shawndale Chilcoat and Donald Chilcoat have submitted six requests for leave to file various motions *pro se*. Today, the Court **DENIES** those requests for leave to file. This Order also addresses other pending dates and deadlines.

### A. Background

In August and September 2024, this Court received from Defendants, who are represented by counsel, more than thirty *pro se* requests for leave to file various motions. Order, ECF No. 178 at 4. Some of those requests raised urgent scheduling issues, *see* ECF Nos. 162, 165, 173, which the Court addressed in turn, *see* ECF Nos. 163, 166, 174. But the bulk of Defendants' requests sought "leave to file assorted pretrial motions arguing, in effect, that their prosecution is unlawful and that the entire case against them should be dismissed." Order, ECF No. 178 at 4.

At a status hearing on September 12, 2024, Defendants informed the Court that they intended to accept the Government's plea offer, and the Court set a plea hearing for September 20, 2024. Minute Order, Sept. 12, 2024. But minutes before that hearing was scheduled to begin, the Court received additional leave to file requests from Defendants representing that they had changed their minds and would not accept the Government's plea offer. *See* Order, ECF No. 178 at 2. The September 20 hearing was then converted to a status hearing. *Id.*

Prior to and during the September 20 status hearing, Defendants informed the Court "that they are actively seeking new counsel" to represent them at trial. *Id.* at 5. The Court did "not grant an open-ended period for Defendants to find new attorneys" and informed the parties that if "Defendants cannot secure new counsel by October 4, 2024," the Court would make arrangements to "facilitate [Defendants'] access to discovery covered by the Protective Order."[1] *Id.* That deadline has come and gone, and no new counsel for Defendants has noticed his or her appearance.

With Defendants' representations as to their intent to proceed with new counsel in mind, the Court also addressed with Defendants the status of their then-pending requests for leave to file dispositive motions. *Id.* at 4. Defendants and their current counsel had a difference of opinion as to the substance of those motions. *Id.* at 4–5. And the Court explained to Defendants that "parsing the largely overlapping arguments" in their dozens of proposed motions "would be inefficient" for all involved. *Id.* at 4.

Accordingly, to facilitate the clear presentation of Defendants' arguments amid a planned change in representation and to foster efficiency and judicial economy, "the Court proposed allowing Defendants to file one consolidated motion that advances all arguments Defendants muster for disposing of the case in its entirety." *Id.* Defendants agreed to that proposal and "orally withdr[ew] their [then-]pending requests for leave to file." *Id.* The Court set a briefing schedule for Defendants' consolidated motion, *id.*, and denied Defendants' leave-to-file requests based on their oral withdrawal. ECF Nos. 179–205.[2]

---

[1] The Court has since issued an Amended Protective Order. ECF No. 208. But the Amended Protective Order is identical to the Protective Order in place at the September 20, 2024 status hearing in all material respects. *See* Mem. Op. & Order, ECF No. 207.

[2] The Court ordered that Defendants file the consolidated motion on October 18, the Government respond by November 1, and Defendants reply by November 8. Order, ECF No. 178 at 6.

### B. Leave to File Requests

Starting on October 4, 2024, the Court received from Defendants six new requests for leave to file various motions *pro se*.  The Court now **DENIES** leave to file all of them.

Four of the motions Defendants seek leave to file are motions to dismiss the entire case against them.  ECF No. 209 at 50 (seeking "dismissal of all charges with prejudice"); ECF No. 211 at 20 (seeking "dismissal of all charges"); ECF No. 213 at 1 (requesting that the Court "dismiss the charges against them"); ECF No. 214 at 10 (requesting that the Court "dismiss the charges against them").  But the Court has already ordered that Defendants have permission to file *one* consolidated motion advancing such arguments.  Order, ECF No. 178 at 4.  This Court will not allow Defendants to violate that order and **DENIES** leave to file these motions.

If Defendants do not file the one consolidated motion (labeled as such) that this Court granted them permission to file on or before the October 18, 2024 deadline, they will not be given an opportunity to do so again, the Government will not respond to their arguments, and this Court will not rule on them.  In sum, each Defendant will have waived those arguments by not filing an omnibus, consolidated brief.

To the extent Defendants request this Court to reconsider the consolidated briefing schedule it set—and to which Defendants' agreed—the Court is unmoved.  Piecemeal briefing on *pro se* motions filed intermittently by Defendants is an inefficient path to resolution of Defendants' arguments.  And the Court sees no reason to believe a consolidated brief would be burdensome for Defendants to produce.  Defendants have requested leave to file nearly forty motions in the past few months.  They have requested leave to file more than 100 pages of duplicative briefing in the past week alone.  And they have more than a week to consolidate their already-written arguments into a single filing.

Defendants two remaining requests for leave to file raise evidentiary issues applicable at trial. ECF Nos. 210, 212. These are issues the Court expected to be addressed by Defendants' new counsel, and the Court has not granted Defendants leave to file such motions *pro se*. Defendants now suggest that they will not be securing new counsel and intend to waive their right to counsel and defend themselves at trial. But as Defendants know, *see* Order, ECF No. 166, this Court must conduct an inquiry under *Faretta v. California*, 422 U.S. 806 (1975), to determine whether Defendants are competent to knowingly, intelligently, and voluntarily waive their right to counsel before accepting such a waiver. The parties should be prepared to respond that inquiry at the upcoming status hearing on October 25, 2024 at 1:00 PM ET in Courtroom 28A. If Defendants proceed with counsel after such inquiry, they can discuss trial strategy with their counsel and raise these issues through counsel. If Defendants proceed *pro se* after such inquiry, they can raise issues relating to trial at such time. For now, the Court **DENIES** leave to file these motions.

### C. Access to Discovery

The Amended Protective Order in this matter requires that Defendants access a subset of highly sensitive discovery materials from the Government through the assistance of counsel or other support staff. ECF No. 208 at 2–4. Defendants current counsel have previously attempted to arrange for Defendants to view this material. Order, ECF No. 178 at 3. But at the last status hearing on September 20, 2024, on inquiry by the Court, Defendants reported that they had refused to engage with their counsel to view discovery subject to these access-limitations and refused to view the Government's discovery generally. *Id.* at 3–4.

Because Defendants planned to change their representation, the Court informed the parties that if "Defendants cannot secure new counsel by October 4, 2024," the Court would make arrangements to "facilitate [Defendants'] access to discovery covered by the Protective Order."

Order, ECF No. 178 at 5.  As of October 10, 2024, Defendants have not secured new counsel and have expressed that they do not intend to do so.

Accordingly, the Court has made arrangements for Defendants to review discovery materials that require special access procedures under the terms of the Amended Protective Order. A paralegal from the Office of the Federal Public Defender will contact Defendants shortly.  That paralegal has the technical means to allow Defendants to remotely review discovery material subject to the terms of the Amended Protective Order.  That is, Defendants will be able to review discovery under supervision via a videoconferencing tool without being able to download or disseminate protected discovery materials.

To be clear, this paralegal is not an attorney, and the Court is not appointing her to represent Defendants.  The paralegal's role is simply to assist Defendants in reviewing the discovery materials in their case.  This is a system that the Office of the Federal Public Defender has employed with success in other cases.  And it is a system the Court finds is reasonably calculated to ensure Defendants' access to the Government's discovery regardless of the status of their representation.  The Court has already explained to Defendants the limited scope and effect of the Amended Protective Order.  *See* Mem. Op. & Order, ECF No. 207 at 3–12.  Defendants have had, and will continue to have, access to all the Government's discovery materials.

### D. Upcoming Dates and Deadlines

As explained, Defendants remain **ORDERED** to file one consolidated dispositive pretrial motion on or before **OCTOBER 18, 2024**.  When they do so, the Court will grant leave to file, the Government will respond by **NOVEMBER 1, 2024**, and Defendants will reply by **NOVEMBER 8, 2024**.  If Defendants choose not to comply with this order, they will have waived the right to present their pretrial dispositive arguments to the Court.

All parties remain **ORDERED** to appear in person for a status hearing in Courtroom 28A at **1:00 PM ET on OCTOBER 25, 2024**.  The Court will not convert that status hearing to Zoom because Defendants intend to waive their right to counsel and this Court's assessment of the *Faretta* colloquy with Defendants will be greatly aided by their physical presence.  Whether future hearings will require in-person attendance will depend—as always—on the content of those hearings.

> **SO ORDERED**.

> The Clerk of Court is respectfully directed to mail a courtesy copy of this Order to Defendants' address of record.

Date: October 10, 2024

**COLLEEN KOLLAR-KOTELLY**
United States District Judge