UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAWNDALE CHILCOAT and<br>DONALD CHILCOAT,<br><br>Defendants. | Criminal Action No. 22-299 (CKK) |

**ORDER**
(October 25, 2024)

The Court held a status hearing in this matter on October 25, 2024. Defendants Shawndale Chilcoat (1) and Donald Chilcoat (2), Defense Counsel Mr. Geyer, the Government, and a court reporter were present in person. A representative from Pretrial Services was present via Zoom. First Assistant Federal Public Defender Shelli Peterson, was also present in person.

**A. The Protective Order and Discovery**

The Court reviewed with Defendants the Court's recent [207] Memorandum Opinion and Order granting in part and denying in part Defendants' [206] Joint Motion to Lift or Modify the Protective Order. On inquiry from the Court, Defendants represented that they understood the terms of the [208] Amended Protective Order and that they understood they were bound by those terms regardless of whether they consented to the issuance of the Amended Protective Order.

As explained more fully in a recent Order, the Court recently "made arrangements for Defendants to review discovery materials that require special access procedures under the terms of the Amended Protective Order" with assistance from a paralegal under contract with the Office of the Federal Public Defender. Order, ECF No. 215 at 5. As of today's hearing, the Court understood that this paralegal had reached out to Defendants and that Defendants had not responded to her inquiries. The Court reminded Defendants of the importance of the

1

Government's discovery to their defense and explained the paralegal's role in ensuring Defendants could participate in that defense. Defendants both expressed that they understood and that they would be engaging with this paralegal with further assistance from Ms. Peterson.

**B. Defendants' Representation**

Defense Counsel Messrs. McBride and Geyer moved to withdraw from this matter on August 19, 2024. Joint Motion to Withdraw, ECF No. 158. The Court has repeatedly held that motion in abeyance: first, because the parties were negotiating a plea agreement, Min. Order, Aug. 29, 2024; then, because the parties had reached a plea agreement, Min. Order, Sept. 12, 2024 (which Defendants then rejected); and at the most recent status hearing, because Defendants reported that they were actively seeking new counsel, Order, ECF No. 178 at 4–5.

In the time since the last status hearing in this matter, Defendants reported "that they will not be securing new counsel and intend to waive their right to counsel and defend themselves at trial." Order, ECF No. 215 at 4. Accordingly, the Court advised the parties to be prepared for a *Faretta* inquiry at today's hearing. *Id.* at 6.

Before beginning the *Faretta* inquiry, the Court asked Defendants why they had changed their minds about securing new counsel since the last status hearing. Defendant Donald Chilcoat reported that Defendants had met with prospective counsel near their home in Ohio and that they were unable to find counsel who would take on their case. Defendant Shawndale Chilcoat confirmed that account. And on inquiry from the Court, neither Defendant indicated interest in representing themselves as trial apart from their inability to retain counsel. The Court emphasized to Defendants the gravity of the decision whether to waive their right to counsel and further explained that their decision might not be voluntary if the basis for their waiver was an inability to retain private counsel.

2

The Court then recessed to allow Defendants time to confer with First Assistant Federal Public Defender Ms. Peterson.  After the recess, Defendants reported that they no longer intended to waive their right to counsel and would be working with Ms. Peterson to secure appointed counsel from Ohio.  The Court asked Defendants to confirm the Court's understanding of Defendants' position: Defendants initially intended to proceed *pro se* so they could file certain pretrial motions that their counsel would not file; Defendants were not and are not interested in representing themselves at trial; and now that Defendants have filed their *pro se* motion (ECF No. 218), they no longer want to proceed *pro se*.  Defendants confirmed that the Court's understanding is accurate and that they intend to proceed with new counsel.

Accordingly, the Court did not conduct a *Faretta* inquiry.  Defendants (either through new counsel or Ms. Peterson) shall advise the Court of any change in their representation as soon as possible.  In light of the representations at the status hearing, the Court will further **GRANT** Messrs. McBride and Geyer's [158] Joint Motion to Withdraw.

### C. Defendants' Omnibus Motion

At the last status hearing, Defendants orally withdrew their pending requests for leave to file various pretrial motions.  ECF No. 178 at 4.  The Court ordered Defendants to file a consolidated, joint pretrial dispositive motion by October 18, 2024.  *Id.*  Defendants requested leave to file that motion on October 21, 2024—after the deadline the Court had set—but the Court granted leave to file, and Defendants' Motion is now docketed as ECF No. 218.

The Court set a revised briefing schedule, which is detailed below.  Much of Defendants' [218] Motion raises arguments the Court has already ruled on.  The Government need not respond to those portions of the Motion labeled in the table of contents as Part VI.A (concerning the protective order), Part XII (concerning the protective order), Part XIII (concerning docket

management orders), and Part XVI (concerning the protective order—note that this appears as Part XVII in the Motion itself). As the Court explained to the Government during the hearing, the Court trusts that the Government will exercise suitable discretion in deciding how thoroughly to brief Defendants' remaining arguments.

### D. Other Matters

The Court discussed other pending motions with the parties. Briefing is complete and the Court is prepared to rule on three of Defendants' pending motions (ECF Nos. 114, 115, and 116). Defendants shall respond to the Government's [159] supplemental brief on the [113] Motion to Dismiss Count One on or before November 15, 2024.

The Court heard the Government's objection to further delay in this matter flowing from Defendants' repeated difficulties with counsel. Absent extraordinary circumstances, the Court will not entertain further delay resulting from changes in Defendants' representation.

Finally, the Court discussed with Defendants their Speedy Trial rights. Both Defendants consented to the exclusion of time from today's date until December 4, 2024—the date of the next status hearing in this matter. The Court finds that the ends of justice served by this exclusion outweigh the interests of the community and Defendants in a speedy trial, because such exclusion will allow Defendants time to secure new counsel and allow the parties to brief pretrial matters. Taking into account this exclusion, the Court calculates Defendant Shawndale Chilcoat's 70-day deadline is January 26, 2025 and Defendant Donald Chilcoat's 70-day deadline is February 12, 2025.

### E. Order

In light of the foregoing, it is hereby:

**ORDERED** that Messrs. McBride and Geyer's [158] Joint Motion to Withdraw is

**GRANTED** and that they be **TERMINATED** from this matter;

**ORDERED** that Defendants advise the Court (through counsel, Ms. Peterson, or on their own) of the status of their new representation as soon as is practicable;

**ORDERED** that the Government respond to Defendants' omnibus [218] Motion by **NOVEMBER 15, 2024**, and that Defendants reply by **NOVEMBER 22, 2024**;

**ORDERED** that Defendants respond to the Government's [159] Supplement by **NOVEMBER 15, 2024**;

**ORDERED** that Defendant Shawndale Chilcoat, Defendant Donald Chilcoat, the Government, and forthcoming Defense Counsel appear for a status hearing via Zoom at **9:30 AM ET on DECEMBER 4, 2024** to set a trial template and pick a trial date.

**SO ORDERED**.

Date: October 25, 2024

_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge

5